UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                    CRIMINAL NO. 3:18-CR-80-DPJ-LRA

CARLOS PRIETO-PEREZ

ORDER

On this date, the Court heard oral argument on two written motions and two oral motions. The Court's rulings were more fully explained on the record but are as follows:

I.      Government's Motion to Exclude [48]

On August 22, 2019, the Defendant gave notice of his intent to call Glenda McGraw Regnart as an expert witness on issues related to immigration status. The Government moved to strike her designation as untimely and because it violated Federal Rule of Evidence 704(b). *See* Gov't's Mot. [48]. After argument and some discussion, the Government agreed to waive its timeliness objection in exchange for the right to designate an agent as an expert in the same field.

As for the Rule 704(b) issue, the expert report provides background information on how one might determine whether an individual is unlawfully within the United States. That much is not disputed. But the expert concludes by opining that "Mr. Prieto-Perez, as a lay person, does not have the expertise or access to information capable of accurately ascertaining another's citizenship, immigration status, or whether they are in violation of law." Report [48-1] at 7. That opinion, or other similar comments regarding a layperson's ability to accurately ascertain immigration status, is the "functional equivalent" of testifying that Defendant Perez lacked the requisite knowledge and intent. *United States v. Gutierrez-Farias*, 294 F.3d 657, 661–63 (5th Cir. 2002); *see also United States v. Hernandez-Acuna*, 202 F. App'x 736, 739–40 (5th Cir.

2006).  It therefore violates Rules 704(b) and 403 and will not be permitted.  The motion is granted in part and withdrawn in part.

II.     Government's Motion for Judicial Inquiry [49]

Last week, authorities apprehended Co-Defendant Juan Pablo Valdez-Morales, and the Government so notified the Court and counsel.  Up to that point, the plan was to try Perez and Morales separately.  Yesterday, the Government informed the Court that Perez's attorney represented Morales in a separate DUI case that apparently led Homeland Security to investigate this case.

Although Morales will not testify if the trial proceeds tomorrow as planned, the prior representation presents potential conflicts, if not actual conflicts.  *See United States v. Infante*, 404 F.3d 376, 389–93 (5th Cir. 2005) (discussing factors that present conflicts).  The Court therefore held a *Garcia* hearing during which Defendant knowingly and voluntarily waived those conflicts.  *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975).  Because any delay in this case would potentially expose Defendant Perez to Morales's testimony, the Court concludes that Defendant Perez acted in his best interest.  The waiver is accepted.  The motion is deemed moot.

III.    Government's Oral Motion for Continuance

When the Government notified the Court last week that Morales had been detained, the prosecution asked whether it would impact the August 27, 2019 trial setting.  The Court responded that the case should probably proceed because it was not apparent that joining the two co-defendants would be necessary.  The Government responded, "The Government elects to proceed next week as planned."

During oral argument, the Government switched positions and requested a continuance so it could pursue the Morales case and perhaps obtain his testimony in this case.  That request was

denied because (1) this case is now set for trial tomorrow; (2) the Court concluded its trial preparations based on the Government's election to move forward; (3) we do not know how long it will take for the Morales case to be ready—he is not even in this jurisdiction; (4) Defendant Perez has a right to a speedy trial that he asserted during the hearing; and (5) continuing the case would manufacture potential conflicts for defense counsel that do not presently exists. For these and other reasons, the motion is denied.

IV.    Government's Motion in Limine

The Government charged Defendant Perez with aiding and abetting Co-Defendant Hector Valdez-Leora, who allegedly harbored, concealed, or shielded an illegal alien from detection. *See* Indictment [1] ¶ 1 (citing 8 U.S.C. § 1324(a)(1)(A)(v)(ii)). The Government also charged Valdez-Leora with harboring for the purpose of commercial advantage or private financial gain, which is a sentencing enhancement under § 1324(a)(1)(B)(i).

Because Defendant Perez is charged with aiding or abetting, the Government must prove that someone—namely Valdez-Leora—committed the harboring or concealing offense. Accordingly, the Court will instruct the jury on that offense.

Initially, both parties asked the Court to include among those harboring-or-concealing instructions an element requiring the Government to prove Valdez-Leora committed the offense for commercial advantage or private financial gain. Such an instruction would be error because the aiding-or-abetting crime stated in subpart (A)(v)(iii) occurs when one "aids or abets the commission of any of the *preceding* acts." 8 U.S.C. § 1324(a)(1)(A)(v)(ii) (emphasis added). The commercial-advantage language is just a sentencing factor that comes *after* subpart (A)(v)(ii). Accordingly, "[a]s the government prosecuted [Defendant] under an aiding and abetting theory only, the financial gain component of § 1324(a)(1) is wholly inapplicable."

*United States v. Nolasco-Rosas*, 286 F.3d 762, 766 (5th Cir. 2002) (holding that district court erred by including commercial-gain interrogatory with jury instruction because it was an "irrelevant point" under § 1324(a)(1)(A)(v)(ii)).

The Government now concedes that the instructions should not include the commercial-advantage language but argues that the Court should exclude in limine any evidence or argument related to commercial advantage or private financial gain. That motion is denied. Even if the Government need not prove that Valdez-Leora committed the underlying offense for commercial advantage or private financial gain—or that Defendant Perez shared that intent—the issue is still relevant for impeachment. Valdez-Leora faced a potential 10-year prison term because—unlike Defendant Perez—he was charged with committing the offense for commercial advantage under § 1324(a)(1)(B)(ii).

Defendant Perez has the right to explore that issue on cross-examination. "The right of cross-examination is the primary interest secured by the Sixth Amendment's guarantee that the accused in a criminal prosecution shall enjoy the right to be confronted with the witnesses against him." *United States v. Summers*, 598 F.2d 450, 460 (5th Cir. 1979). And that is particularly so when the witness "is the 'star' government witness, providing an essential link in the prosecution's case." *Id.* (citing *United States v. Barrentine*, 591 F.2d 1069, 1081 (5th Cir. 1979)).

In this case—as in most involving post-plea testimony against a former co-defendant—Defendant Perez may need to convince the jury that the offense Valdez-Leora admitted committing never happened. To do so, defense counsel has already indicated that he will attempt to demonstrate that Valdez-Leora's commercial dealings with the allegedly illegal aliens subjected him to a substantial sentence that he might only hope to reduce through a plea. In

other words, his risks were greater than Perez's.  This would be valid cross-examination, so the

oral motion in limine is denied.

       **SO ORDERED AND ADJUDGED** this the 27th day of August, 2019.


                               s/ *Daniel P. Jordan III*
                               CHIEF UNITED STATES DISTRICT JUDGE